**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FONTAINE RESOURCE GROUP, INC., | : |
| Plaintiff, | : **OPINION** |
| v. | : Civ. No. 2:12-02980 (WHW) (CLW) |
| VALCOM INCORPORATED, VINCENT VELLARDITA, PETER UMBRIANNA, and GREG CURTIS, | : |
| Defendants. | : |

**Walls, Senior District Judge**

Defendant ValCom, Inc. ("Valcom") moves to dismiss the amended cross-claims of defendants Peter Umbrianna and Greg Curtis (collectively, "cross-claimants") under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Under Federal Rule of Civil Procedure 78(b), the motion is decided without oral argument. Valcom's motion is granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

This is a suit by Plaintiff Fontaine Resource Group, Inc. ("Plaintiff") against four defendants, Valcom, Umbrianna, Curtis, and an individual named Vincent Vellardita, who Plaintiff alleges is the controlling shareholder and chief executive officer of Valcom. Compl. ¶ 3 (ECF No. 1). In brief, Plaintiff's allegations are that on or about July 30, 2010, Valcom, an entertainment company registered with the Securities and Exchange Commission, entered into a private placement agreement with Theresa Ann Paul. *Id.* ¶¶ 8, 13. Valcom's purpose was to raise money in order to relocate its network broadcast center from Tampa, Florida to New York. *Id.* ¶ 21. The agreement was executed by Vellardita on behalf of Valcom, naming Paul as investor. *Id.*

**NOT FOR PUBLICATION**

Under the agreement, Paul would invest $25,000 in Valcom and would receive 150,000 restricted common shares of Valcom, and a $35,000 payment by October 31, 2010. *Id.* ¶ 14. Valcom would also issue 1,000,000 additional shares in Paul's name that would vest in the event Valcom failed to perform. *Id.* ¶ 15. The agreement also provided that Valcom would pay Paul $2 for every Michel Lagrand DVD or CD it sold. *Id.* ¶ 17. Curtis and Umbrianna individually guaranteed Valcom's obligations under the agreement. *Id.* ¶¶ 13, 18. Paul later assigned her rights under the agreement to Plaintiff. *Id.* ¶ 19.

Plaintiff filed its complaint on May 9, 2012, alleging that Valcom has defaulted on all of its obligations under the agreement. *Id.* ¶¶ 25-30. Plaintiff also claims that Valcom and Vellardita perpetrated an intentional fraud against Paul. *Id.* ¶¶ 31, 35-44. Plaintiff seeks compensatory and punitive damages, partial specific performance, an accounting of Michel Legrand DVDs and CDs sold, interest, costs, disbursements, and attorneys' fees. *Id.* at 8, 10-11. Plaintiff brings a separate cause of action against Curtis and Umbrianna as guarantors for compensatory damages, interests, costs, disbursements, and attorneys' fees. *Id*. at 11-12.

On July 23, 2012, cross-claimants filed their answer with cross-claims against Valcom and Vellardita. ECF No. 5. After Valcom moved to dismiss the cross-claims, ECF No. 36, cross-claimants filed an amended answer and cross-claims on September 9, 2013, ECF No. 41. Cross-claimants, proceeding *pro se*, assert two claims against Valcom and Vellardita. First Am. Answer and Cross-cl. (ECF No. 41).[1] First, cross-claimants assert a claim for contribution or indemnity to the extent they are found liable to Plaintiff. *Id.* at 8 ¶ 1.

Second, they claim that the "willful neglect, deceit, and fraud against Plaintiff" by Vellardita and Valcom "have resulted in collateral damages against" them. *Id.* ¶ 2. Cross-claimants

---

[1] Although the *pro se* cross-claimants only label their claim "Count 1," First Am. Answer and Cross-cl. at 8, the Court discerns two cross-claims and will evaluate each.

**NOT FOR PUBLICATION**

allege that "Plaintiff had agreed to finance a third party business in the amount of $250,000 as well as purchase an interest in same for $75,000 from another investor." *Id.* They claim that as a result of the actions of Valcom and Vellardita, "Plaintiff decided against such investment," which "not only harmed" cross-claimants, "but also resulted in the failure of the third party business causing damage to other stakeholders in the additional amount of approximately $500,000." *Id.*

To support their fraud allegations, cross-claimants allege that during August 2010, Valcom and Vellardita made false representations to them. *Id.* at 9 ¶ 3. There were "multiple three-way telephone calls between Curtis, Vellardita, and the now Current CEO of Valcom, Tim Harrington, who at the time was acting as a consultant for Valcom." *Id.* The subject of discussion was "additional financing for the company and the subject of extinguishing Plaintiff's obligation. At that time, Harrington and Vellardita acknowledged the existence of same and represented to Curtis that it would be paid off." *Id.* ¶ 4. Cross-claimants also allege that "Curtis, Vellardita, and Harrington's [sic] had a meeting at Harrington's home in Boonton, New Jersey" to "discuss how to satisfy the interim financing provided by Plaintiff." *Id.* ¶ 5. At the meeting, "Valcom and Vellardita represented to Curtis the same would be satisfied." *Id.* Cross-claimants further assert that on or about October 31, 2010, before Valcom defaulted on the agreement, "Curtis called Harrington directly who acknowledged again that the obligation would be paid." *Id.* at 10 ¶ 6.

Cross-claimants allege they "believed and relied on these numerous statements by Valcom that it intended to honor its finical [sic] commitment to Plaintiff." *Id.* They also claim that Valcom and Vellardita knew at the time they made these assertions that "Valcom had absolutely no intent to honor the placement." *Id.* ¶ 7. Cross-claimants assert that as a result, "the obligation to Plaintiff not only went into default, but because [they] were guarantors, it appears . . . to Plaintiff" that they "were part of some sort of scheme to defraud the investor . . . ." *Id.* Cross-claimants contend this

3

resulted in Plaintiff withdrawing funding commitments to them and discussing the situation with others, who also withdrew funding from other ventures, damaging cross-claimants. *Id.* ¶ 8.

On October 25, 2013, Valcom filed this motion to dismiss the amended cross-claims. ECF No. 45. Cross-claimants responded by letter on December 2, 2013, ECF No. 52, and Valcom filed its reply on December 9, 2013, ECF No. 53.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), the court is required to "accept all factual allegations as true, construe the [cross-claim] in the light most favorable to the [cross-claimant], and determine whether, under any reasonable reading of the [cross-claim], the [claimant] may be entitled to relief." *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 306 (3d Cir. 2007). "To survive a motion to dismiss, a [cross-claim] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A claim is plausible on its face when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the [cross-]defendant is liable for the misconduct alleged." *Id.*

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the [cross-claim]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Thus, "a district court weighing a motion to dismiss asks 'not whether a [cross-claimant] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id.* at 563 n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**NOT FOR PUBLICATION**

Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake": The party must "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F. 2d 786, 791 (3d Cir. 1984) (explaining that the purpose of the rule is to "place the defendants on notice of the precise misconduct with which [they are] charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior"). "To satisfy this heightened standard, the [cross-claimant] must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico*, 507 F.3d at 200.

Normally, "Rule 9(b) requires, at a minimum, that [parties] support their allegations . . . with all of the essential factual background that would accompany the first paragraph of any newspaper story – that is, the who, what, when, where and how of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276-77 (3d Cir. 2006) (citations and quotation marks omitted). "Courts should, however, apply the rule with some flexibility and should not require [parties] to plead issues that may have been concealed by the defendants." *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 658 (3d Cir. 1998) (citation omitted). Moreover, "[m]alice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

**DISCUSSION**

Valcom moves to dismiss the amended cross-claims, arguing that they fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 9(b). Mem. of Law in Support of Def.

**NOT FOR PUBLICATION**

Valcom's Mot. to Dismiss Defs. Umbrianna and Curtis's Am. Cross-cl. ("Mot. to. Dismiss") (ECF No. 45-1). The motion is granted in part and denied in part.

### A. Cross-claim for Fraud

Valcom argues that cross-claimants' fraud allegations fail to state a claim. Mot to Dismiss at 4. The Court agrees and dismisses the cross-claim for fraud.

"The five elements of common-law fraud are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997). Cross-claimants have not adequately alleged the circumstances of the material misrepresentation nor have they sufficiently pled reliance.

Initially, the Court notes that cross-claimants are somewhat inconsistent in defining the fraud they complain of. They first speak of "fraud against Plaintiff" causing "collateral damages" to them. First Am. Answer and Cross-cl. at 8 ¶ 2. But the cross-claim is devoid of any allegations detailing a fraud against Plaintiff. Instead, the allegations attempt to outline a fraud perpetrated against cross-claimants. As such, the Court will evaluate the claim as one alleging a fraud by Valcom and Vellardita against cross-claimants.

First, the allegations concerning the meeting at Harington's home lack any timeframe, and thus clearly fail the "when" requirement of Rule 9(b). If cross-claimants expect Valcom to defend itself against a fraud charge, they must at least specify the date on which one of them claims to have attended a meeting where the fraud was allegedly perpetrated.

With respect to the phone call between Curtis and Harrington on October 31, 2010, the allegations fail for a different reason. Cross-claimants' own pleading states that Harrington "at the

time was acting as a consultant for Valcom." First Am. Answer and Cross-cl. at 9 ¶ 3. Valcom argues that because he "was neither an employee [n]or officer of ValCom," his "representations cannot be considered" those of Valcom. Mot. to Dismiss at 4. While that is not necessarily so, the cross-claim fails to allege that Harrington, as a consultant, had actual or apparent authority to make statements on behalf of the corporation. Because there are no allegations attributing Harrington's alleged statements in the October 31 call to Valcom, those statements cannot support the fraud claim.

Finally, the allegations concerning "multiple three-way telephone calls" in August 2010 are also insufficient. Valcom first argues that these allegations are not specific enough to tell Valcom the "when" required by Rule 9(b). The Court disagrees. All that is required is that the claim put Valcom "on notice of the precise misconduct with which it is charged." *Frederico*, 507 F.3d at 200. In this Court's view, Valcom has enough information about when these calls are alleged to have occurred to adequately defend itself, as required by the rules. What is missing, though, is any specification as to where these calls took place. While it might be reasonable to omit where Vellardita and Harrington were located, cross-claimants fail to state where Curtis was – a fact they cannot complain of not knowing. In their opposition letter, cross-claimants assert that "the fraud claim states that the various meetings and phone calls took place at Valcom's offices in Indian Rocks Beach, Florida as well as Tim Harrington's house in Boonton, New Jersey." Letter of Peter Umbrianna and Greg Curtis, Nov. 29, 2013 ("Opp'n Letter") at 3 (ECF No. 52). But these allegations are not in the cross-claim itself. As explained later, the Court will grant leave to cross-claimants to file a request to amend their cross-claim to cure its deficiencies.

The cross-claim also fails for a different reason – one barely raised by the parties: it does not adequately plead reliance. Valcom touches on this in a footnote, arguing, "Since the alleged

misrepresentations in the case . . . occurred in August 2010 after the guaranty was executed in July 2010, there was no fraud in the inducement and therefore, no reasonable reliance thereon by the cross claimants . . . ." Mem. of Law in Support of Def. Valcom's Reply ("Valcom's Reply") at 9 n.1 (ECF No. 53). While this raises the reliance issue, Valcom's argument is otherwise off mark. The cross-claim does not allege that cross-claimants were fraudulently induced into signing the guarantee; it attempts to state a claim for fraud based on alleged misrepresentations by Valcom and Vellardita concerning their intention to honor the commitment they had already entered into and which cross-claimants had already guaranteed.[2]

Turning to cross-claimants' allegations of reliance, the Court must conclude they are inadequate. Cross-claimants simply do not explain how they relied on the alleged misrepresentation. They state that Valcom and Vellardita made misrepresentations concerning Valcom's intention to honor its commitments, that Valcom then defaulted on its obligations, and that this caused damages to cross-claimants. By way of reliance, cross-claimants only state, "Curtis and Umbrianna relied on these numerous statements by Valcom that it intended to honor its finical [sic] commitment to Plaintiff." First Am. Answer and Cross-cl. at 10 ¶ 6. This is a "threadbare recital[] of" an element of the "cause of action[] . . ., supported by [a] mere conclusory statement[]." *Iqbal*, 556 U.S. at 663. It is clearly insufficient to state the element of reliance, which is is also fatal to the cross-claim.

---

[2] For the same reason, Valcom's argument concerning "consequential damages" that were "not within the contemplation of the parties to the contract prior to or at the time" of contracting, Valcom's Reply at 8, is irrelevant. Cross-claimants allege that Valcom and Vellardita made fraudulent misrepresentations to them about their intentions regarding honoring their obligations to a third party. This is a claim in tort, not contract, and the issue of consequential damages has no bearing.

**NOT FOR PUBLICATION**

Because the allegations fail to state a claim against Valcom or Vellardita, the cross-claim alleging fraud is dismissed without prejudice.

In their opposition, cross-claimants suggest that "[i]f the Court allows, then Mssrs. [sic] Curtis and Umbrianna can amend our Cross Claim . . . ." Opp'n Letter at 4. Valcom opposes any amendment, arguing that allowing another amendment will cause undue delay and result in prejudice. Valcom's Reply at 9.

"[A] refusal of a motion for leave to amend must be justified," *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995), and the Third Circuit has identified the following as permissible justifications: "(1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment," *id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Valcom argues that amendment will "delay discovery, result in a second round of deposition testimony to cover allegations raised for the first time in new pleadings, and ultimately result in undue delay . . . to Valcom's prejudice." Valcom's Reply at 9.

The Court notes that there is no current motion for leave to file an amended complaint pending, so Valcom's arguments are premature. The Court will allow cross-claimants to file a motion for leave to file an amended complaint.[3] If they choose to do so, arguments concerning whether the Court should allow the amendment will be addressed at that time.

**B. Cross-claim for Contribution or Indemnification**

Valcom also moves to dismiss the cross-claim for contribution or indemnification. But Valcom does not identify any defects in cross-claimants' pleading for contribution or indemnification. Instead, Valcom merely inserts a footnote in its reply brief stating it "incorporates

---

[3] The Court cautions cross-claimants that they must comply with all applicable federal and local civil rules concerning court filings.

**NOT FOR PUBLICATION**

by reference" its arguments concerning cross-claimants' "failure to plead with particularity allegations of fraud relating to conduct which serves as the subject matter of the cross claim for indemnification contrary to the pleading requirements set by Rule 9(b)." Valcom's Reply at 7 n.2. The Court denies the motion to dismiss the cross-claim for contribution or indemnification.

As an initial matter, a claim for contribution or indemnification does not sound in fraud and is not subject to Rule 9(b). *See* Fed. R. Civ. P. 9(b). Valcom does not argue that the contribution or indemnification claim is defective in any other way. Federal Rule of Civil Procedure 13(g) specifically provides that the "crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Here, cross-claimants allege that they were guarantors on a contract to Valcom and that Valcom went into default on that contract. First Am. Answer and Cross-cl. at 10 ¶¶ 6-7. As such, they claim contribution or indemnification. *Id.* at 8 ¶ 1. In New Jersey as well as under general principles of law, "a surety has the right to require his principal debtor to exonerate him." *D'Ippolito v. Castoro*, 51 N.J. 584, 591 (1968); *see also* Restatement (Third) of Suretyship & Guaranty § 22 (1996) ("[W]hen the principal obligor is charged with notice of the secondary obligation it is the duty of the principal obligor to reimburse the secondary obligor to the extent that the secondary obligor: (a) performs the secondary obligation; or (b) makes a settlement with the obligee that discharges the principal obligor, in whole or part, with respect to the underlying obligation.").[4]

The Court finds that cross-claimants have stated a claim for contribution or indemnification against Valcom and Vellardita.

---

[4] While there are slight differences between a suretyship contract and a guarantee, *see Cruz-Mendez v. ISU/Ins. Servs. of S.F.*, 156 N.J. 556, 568 (1999) (explaining the distinction), they are not relevant to the obligation of exoneration.

**NOT FOR PUBLICATION**

## CONCLUSION

The Court grants Valcom's motion to dismiss the cross-claim for fraud but denies its motion to dismiss the cross-claim for contribution or indemnification. The cross-claim for contribution or indemnification remains. The Court grants cross-claimants leave to file a motion for leave to file an amended complaint, if they choose. An appropriate order follows.

Date:   March 11, 2014

**/s/ William H. Walls**
United States Senior District Judge
